## CONVERSION OF COLLATERAL BY A BROKER.

Circuit Court of Hamilton County.

CHARLES J. BUDDEKE V. STATE OF OHIO.

Decided, January 8, 1910.

*Criminal Law—Stock Broker Charged with Embezzlement—Relation to his Client not that of Agent—Section 6842.*

Where a broker holds as collateral shares of stock belonging to a client, the relation between them is not that of principal and agent, but of debtor and creditor, and the conversion of the stock by the broker to his own use does not constitute embezzlement.

*Louis J. Dolle, Ulric Sloane* and *J. B. O'Donnell,* for plaintiff in error.

*Coleman Avery,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

Charles J. Buddeke was indicted and convicted under Section 6842, Revised Statutes, of unlawfully and fraudulently embezzling and converting to his own use twenty-three shares of the capital stock of the Cincinnati Gas & Electric Co., which came into his possession and care by virtue of his employment as agent of one George Schulte.

The record discloses that Charles J. Buddeke was a stock broker doing business as such under the name of Charles J. Buddeke & Company. On the 4th day of May, 1907, he purchased for and on request of George Schulte eight shares New York Central Railroad stock at 1.17—$938. On the 9th day of May, 1907, Schulte transferred and delivered to Buddeke twenty-five shares Cincinnati Gas & Electric stock and obtained the following receipt:

"CINCINNATI, May 9th, 1907.

"Received of Geo. Schulte Ctf. No. 26968 for 23 sh. Cin. Gas & Elec. stock as collateral on account.

"CHARLES J. BUDDEKE & Co.,

"Per T. J. COONEY."

On the 15th day of May, 1907, Buddeke purchased for Schulte ten shares New York Central Railroad stock at 1.14—$1,142.50. On June 5th, 1907, Buddeke purchased for Schulte twenty shares

Toledo Railway & Light Co. stock. On June 6th, 1907, Schulte paid $132.50 on account. He never had possession of the stock but paid interest on the account and was credited with dividends on the N. Y. C. stock. On the 16th day of June, 1908, Buddeke converted the twenty-three shares gas and electric stock to his own use.

The question to be decided is whether by so doing he was guilty of embezzlement, and the answer depends on whether or not he was acting as agent of Schulte with reference to the gas stock.

In purchasing stocks for Schulte, the broker, Buddeke, was undoubtedly acting as his agent; but that did not prevent him from assuming any other legal relation to the stocks purchased or the stock transferred as collateral, as, for example, purchaser or pledgee. If the broker has been instructed by his customer to sell the twenty-three shares of Cincinnati Gas & Electric stock and invest the proceeds in New York Central stock, but failed to do so and converted the gas stock to his own use, he would be guilty of embezzlement because he received and held the stock, until misappropriated, as the agent of his customer. So, likewise, had he received the money from the customer for a like purpose, and converted it to his own use. The stock was actually received however "as collateral on account," and for no other purpose. At that time the account stood George Schulte, debtor, to eight shares New York Central stock, $938, and Charles J. Buddeke, doing business as Charles J. Buddeke & Co., was a creditor of Schulte in that amount. It was no doubt intended that the collateral stock should and it did cover not only the indebtedness existing at the time of the transfer but also any indebtedness subsequently incurred in the purchase of stock on Schulte's account; but aside from that the relation of debtor and creditor already existing and the gas stock being transferred to protect him in that relation, the transaction was a pledge, and the stock never was received by Buddeke as agent. The legal effect of the act and the legal relation of the parties thereto determines the capacity in which they act. When a broker advances money in purchasing stocks for and on the order of a customer, there is a promise, express or implied, to repay the same, the effect of which is to create a debt and the relation of debtor and creditor;

and when the debtor delivers other stock as collateral security for the fulfillment of that promise, the creditor receives it, not by virtue of his employment as agent to purchase stocks, but by virtue of the debt created by contract, and to secure which it was given. *Markam* v. *Jandon,* 41 N. Y., 235; *Hennequin* v. *Clews,* 111 U. S., 676.

So was the duty of Buddeke to return the collateral stock to the owner, Schulte, when it had served the purpose for which it was pledged, and in no event to convert it fraudulently to his own use; but he can not be held to answer for a crime when there is a failure of proof of the essential element of the offense charged. *Barber* v. *State,* 39 O. S., 660.

We think that the court erred in overruling the motion made at the conclusion of all the evidence to direct the jury to return a verdict for the defendant.

The judgment will be reversed and the prisoner discharged.